# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Eschief,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-17-01378-PHX-SMM<br>No. CR-98-00353-PHX-SMM<br><br>**ORDER** |

Before the Court is William Eschief's ("Movant") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Amended Motion"). (Doc. 4.)[1] The matter was referred to Magistrate Judge Eileen S. Willett for a Report and Recommendation. (Docs. 2, 5.) On May 25, 2018, the Magistrate Judge filed a recommendation with this Court. (Doc. 17.) To date, no objections have been filed. Having reviewed the Report and Recommendation, the Court now issues the following ruling.

## I. STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch.

---

[1] Citations to "Doc." are to the docket in CV-17-01378-PHX-SMM. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-98-00353-PHX-SMM.

Dist., 708 F.2d 452, 454 (9th Cir. 1983)). Parties have fourteen days from service of a copy of a Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting a *de novo* review of the Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979) (citing Campbell v. United States Dist. Court, 501 F.2d 196 (9th Cir. 1974)).

By failing to object to a Report and Recommendation, a party waives its right to challenge the Magistrate's factual findings, but not necessarily the Magistrate's legal conclusions. Baxter, 923 F.2d at 1394; see also Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's legal conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Turner, 158 F.3d at 455.

**II.     DISCUSSION[2]**

The Court accepts the Magistrate Judge's recommendation that Movant's Amended Motion be dismissed with prejudice; however, the Court does not adopt the procedural default analysis that the Magistrate Judge employed to arrive at her conclusion. (Doc. 17 at 3.)

**A. Procedural Default Analysis**

The Report and Recommendation's procedural default analysis is inapplicable to Movant's case because Movant waived the right to directly appeal his sentence. "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) (citation omitted). Here, Movant waived the right to directly appeal and collaterally attack his sentence in his plea agreement. (CR Doc. 158 at 4.)[3] However, the Report and Recommendation appears to overlook this fact.

---

[2] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 17 at 2.)
[3] The Court relies on the Government's discussion of Movant's criminal case, CR-98-00353-PHX-SMM, as addressed in the Government's Limited Answer to: Motion

- 2 -

Instead, the Report and Recommendation states "[i]t is undisputed that Movant did not raise the claims contained in his Amended Motion to Vacate on direct appeal"; "[t]he issue is whether the procedural defaults should be excused." (Doc. 17 at 3.) The Court finds that Movant's waiver rendered the procedural default analysis inapplicable. Thus, the Court does not adopt the Magistrate Judge's procedural default analysis for the reasons set forth below.

### B. Movant's Claims

Movant claims that he was sentenced using an incorrect criminal history score and that carjacking cannot serve as a predicate felony for a 18 U.S.C. § 924(c) conviction as it no longer constitutes a crime of violence. (Doc. 4 at 5.) The Court agrees with the Magistrate Judge's conclusion that Movant's petition fails on the merits and accepts the Magistrate Judge's recommendation that Movant's Amended Motion should be dismissed with prejudice. (Doc. 17 at 8.)

#### 1. Challenge to Movant's Criminal History Score

In his petition, Movant argues that he was sentenced under an incorrect criminal history score and should have been "sentenced under a Criminal History of I." (Doc. 4 at 5.) The Court accepts the Magistrate Judge's finding that Movant *was* sentenced under a "Criminal History Category I" and accepts the Magistrate Judge's conclusion that Movant's claim is without merit. (Docs. 13 at 13; 17 at 4.)

#### 2. Challenge to Movant's 18 U.S.C. § 924(c) conviction

In his petition, Movant argues that "18 [U.S.C.] § 2119 [carjacking] is no longer deemed a violent offence [sic] for an 18 [U.S.C.] § 924(c) conviction[.]" (Doc. 4 at 5.) The Court interprets Movant's argument as asserting that his carjacking conviction does not qualify as a crime of violence under the Force Clause of § 924(c); the Court also construes Movant's argument as relying on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) for the position that the Residual Clause is unconstitutionally vague and cannot be used to support Movant's § 924(c) conviction. <u>Id.</u> For the reasons stated herein, the Magistrate Judge

---

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 11 at 3.)

correctly finds that carjacking is a crime of violence under the Force Clause of § 924(c), and therefore, the Court finds Movant's argument is without merit. (Doc. 17 at 8.)

Section 924(c) is a sentencing enhancement provision for individuals who use or carry firearms during and in relation to a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). An offense constitutes a "crime of violence" if it is a felony and qualifies under either the "Force Clause" or the "Residual Clause" of 18 U.S.C. § 924(c)(3). A person commits carjacking by taking a motor vehicle "from the person or presence of another by force and violence or by intimidation" and "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119.

In <u>Johnson</u>, the Supreme Court found that the Residual Clause of 18 U.S.C. § 924(e) was unconstitutionally vague. 135 S. Ct. at 2557-58. <u>Johnson</u> did not address the Residual Clause of § 924(c), and the Ninth Circuit Court of Appeals has not addressed whether § 924(c)'s Residual Clause is unconstitutionally vague pursuant to <u>Johnson</u>. However, in <u>Dimaya v. Lynch</u>, 803 F.3d 1110, 1120 (9th Cir. 2015), the Ninth Circuit held that the Residual Clause of 18 U.S.C. § 16(b) was unconstitutionally vague, and the Supreme Court later affirmed that holding. See <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204, 1223 (2018). As the Magistrate Judge notes, § 16(b)'s definition of crime of violence is virtually identical to § 924(c)'s definition of crime of violence. (Doc. 17 at 6, n.3.) As a result, some district courts have found that <u>Dimaya</u> compels the conclusion that the Residual Clause of § 924(c) is unconstitutionally vague. See <u>Wade v. United States</u>, 242 F. Supp. 3d 974, 979 (C.D. Cal. 2017); <u>see also</u> <u>Gaybor v. United States</u>, No. CV-16-04598-PHX-SMM, 2018 WL 4519200, at *6 (D. Ariz. May 9, 2018).

As the Report and Recommendation correctly notes, regardless of the constitutionality of § 924(c)'s Residual Clause, carjacking is categorically a crime of violence under § 924(c)'s Force Clause, see <u>United States v. Gutierrez</u>, 876 F.3d 1254, 1256-57 (9th Cir. 2017) (per curiam), and thus, Movant's conviction would be upheld under § 924(c)'s Force Clause. (Doc. 17 at 6-8.) Therefore, the Court concurs with the Magistrate Judge and finds that Movant's claim is without merit.

Accordingly,

**IT IS HEREBY ORDERED** accepting Magistrate Judge Eileen S. Willett's Report and Recommendation with the following exception: the Court rejects the Report and Recommendation's procedural default analysis. (Doc. 17.)

**IT IS FURTHER ORDERED** dismissing with prejudice Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 287 in CR-98-00353-PHX-SMM and Doc. 4 in CV-17-01378-PHX-SMM.)

Dated this 27th day of September, 2018.

_Honorable Stephen M. McNamee_
Senior United States District Judge